**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| CAO GROUP, INC., <br><br>              Plaintiff, <br><br> v. <br><br> WENCAN ZHU, d/b/a PDOO, and NANCHANG WHITE TECHNOLOGY CO. LTD., <br>              Defendants. | Case No. <br><br> JURY TRIAL DEMANDED |

**COMPLAINT**

Plaintiff CAO Group, Inc. ("Plaintiff" or "CAO") hereby brings the present action against Defendants Wencan Zhu, an individual doing business as "Pdoo" store ("Zhu" or "Pdoo"), and Nanchang White Technology Co. Ltd., the manufacturer of the Accused Products ("Nanchang White") (collectively, "Defendants"), for patent infringement damages and unfair competition, and alleges as follows:

**JURISDICTION AND VENUE**

1. This Court has original subject matter jurisdiction over Plaintiff's claims pursuant to the provisions of the Patent Act, 35 U.S.C. § 1 *et seq.*, 28 U.S.C. § 1338(a)-(b) (exclusive patent claim jurisdiction), and 28 U.S.C. § 1331 (original federal question jurisdiction).

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(c)(3) because, on information and belief, each Defendant is not resident in the United States (Zhu is a resident of the People's Republic of China, and Nanchang White is a company organized and existing under the laws of the People's Republic of China) and, under 28 U.S.C. § 1391(c)(3), a defendant not resident in the United States may be sued in any judicial district. Venue is further proper under 28

1

U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to Plaintiff's claims occurred in this District. Defendants committed acts of infringement in this District by manufacturing, importing, offering for sale, and selling the Accused Products that were offered for sale and sold through the Amazon.com online marketplace to consumers located in this District during the term of the Patent-in-Suit.

3.　　This Court may properly exercise personal jurisdiction over each Defendant because each Defendant structured its business activities so as to target consumers in the United States, including Illinois. Specifically, during the term of the Patent-in-Suit, Defendants targeted sales to Illinois residents by manufacturing, importing, distributing, advertising, offering for sale, and selling the accused products, which were offered for sale and sold through the Amazon.com online marketplace to consumers throughout the United States, including Illinois, accepting payment in U.S. dollars, and placing into the stream of commerce products that infringed Plaintiff's patented inventions, as described below (collectively, the "Accused Products"), with the expectation that they would be purchased by residents of Illinois. Each Defendant committed tortious acts in Illinois, engaged in interstate and international commerce directed at the United States, and wrongfully caused Plaintiff substantial injury in the State of Illinois.

**INTRODUCTION**

4.　　Plaintiff brings this action to recover damages for Defendants' past infringement of Plaintiff's patented inventions. During the term of the Patent-in-Suit, Defendants infringed Plaintiff's patented inventions by manufacturing, importing, distributing, offering for sale, and selling accused products in the United States. Nanchang White manufactured, and Zhu offered for sale and sold, teeth whitening strip products that incorporated the patented inventions claimed in the '444 Patent, and these products were sold to United States consumers through the Amazon.com

2

online marketplace, including in this District, without authorization from Plaintiff and in violation of Plaintiff's exclusive patent rights. Plaintiff seeks to recover monetary damages for the period during which Defendants infringed the Patent-in-Suit.

## THE PARTIES

5.      Plaintiff, CAO Group, Inc., is a Utah corporation with its principal place of business at 4628 West Skyhawk Drive, West Jordan, Utah 84084, and was the owner of the Patent-in-Suit during its term.

6.      On information and belief, Defendant Wencan Zhu is an individual and a resident of the People's Republic of China who, doing business under the seller name "Pdoo," offered for sale and sold teeth whitening products to consumers in the United States through the Amazon.com online marketplace during the term of the Patent-in-Suit. On information and belief, Zhu transacted that business through the "Pdoo" Amazon.com storefront, as further described below. The Accused Products are identified on Amazon.com by Amazon Standard Identification Numbers (ASIN) B0GSTZCTMJ, and B0GKMLS22N and list "Pdoo" as the brand and bearing the "Pdoo" mark.

7.      On information and belief, Defendant Nanchang White Technology Co. Ltd. is a company organized and existing under the laws of the People's Republic of China, with an address at 101 Building A3, No. 88 Dongyang Avenue, Aanyi County Industrial Park, Nanchang, Jiangxi 330500, China. The packaging of the Accused Products identifies Nanchang White as the manufacturer of the Accused Products. On information and belief, Nanchang White manufactured the Accused Products for importation into and sale in the United States, and imported, sold, and/or offered to sell the Accused Products in the United States, including in this District, during the term of the Patent-in-Suit.

8.      On information and belief, non-party Radiant Harvest Inc ("Radiant") is the seller of record identified on the Amazon.com online marketplace for the "Pdoo" storefront through which the Accused Products were offered for sale and sold, and Yujie Jiang is an officer and the president of Radiant. On information and belief, Radiant is a corporation incorporated under the laws of the State of Wyoming.

9.      On information and belief, Zhu owns, controls, or is otherwise affiliated with Radiant, whether directly or indirectly, and Zhu used Radiant as the seller of record and conduit through which Zhu offered for sale and sold the Accused Products in the United States, including in this District.

10.     On information and belief, Zhu directed and controlled the offering for sale and sale of the Accused Products through the "Pdoo" Amazon.com storefront for which Radiant is the listed seller of record, such that the offers for sale and sales made through that storefront are attributable to Zhu.

11.     On information and belief, Zhu and Yujie Jiang are residents of the People's Republic of China who purposefully caused Radiant to be incorporated in the State of Wyoming as a United States company in order to create the false appearance that the "Pdoo" storefront was operated by a domestic seller, and to evade and frustrate enforcement of the intellectual property rights of others. The precise nature, structure, and extent of the ownership, control, and affiliation between Zhu and Radiant are presently within the exclusive knowledge of Zhu and non-party Radiant, and Plaintiff alleges these facts on information and belief. Plaintiff expects that discovery will reveal and confirm the ownership, control, and affiliation between Zhu and Radiant.

**PLAINTIFF'S ASSERTED PATENTS**

12.     Plaintiff was the owner of all right, title, and interest in U.S. Patent No. 11,826,444 B2 ("the '444 Patent" or the "Patent-in-Suit") during its term. A true and correct copy of the '444 Patent is attached hereto as **Exhibit 1**.

13.     The '444 Patent is titled "Peroxide Gel Compositions" and was duly and legally issued by the United States Patent and Trademark Office on November 28, 2023. The '444 Patent has since expired. The '444 Patent claimed priority to an earlier application filed February 8, 2006, and is directed to dental whitening devices utilizing novel peroxide gel compositions.

14.     The '444 Patent generally describes dental whitening devices, such as a flexible backing material bearing a dental composition containing various agents, that will not crack or break when the device is flexed. ('444 Patent, Abstract.)

15.     By virtue of the USPTO's issuance of the '444 Patent, each claim of the '444 Patent was inventive, novel, non-obvious, and innovative over at least the disclosures in the prosecution history, and the '444 Patent was valid and enforceable during its term.

16.     Claim 1 of the '444 Patent recites: "A dental whitening device, comprising: a strip of backing material, wherein the strip of backing material is flexible and planar such that the strip of backing material has two flat sides; a gelatinous, non-coalescent, visco-elastic dental composition conjoined to at least a portion of one of the flat sides of the strip of backing material, the dental composition being comprised of a tooth whitening agent, a solvent, and a thickening agent selected from the set of thickening agents consisting of polyethyloxazoline and polyvinylpyrrolidone (PVP); wherein when adhered to a user's dental arch both the dental composition and the backing material flex and conform to the user's dental arch without cracking or breaking." A claim chart applying Claim 1 of the '444 Patent to the Accused Products is attached as **Exhibit 2**.

**DEFENDANTS' PAST INFRINGEMENT**

17. During the term of the Patent-in-Suit, Defendants infringed the '444 Patent by manufacturing, importing, offering for sale, and selling teeth whitening strip products that incorporated the patented inventions. On information and belief, Nanchang White manufactured the Accused Products, and Zhu offered for sale and sold the Accused Products through the "Pdoo" Amazon.com storefront.

18. During the period of infringement, Plaintiff identified Defendants' infringing teeth whitening strip product being offered for sale and sold through the Amazon.com online marketplace, including to consumers in this District. The accused product, identified by ASINs B0GSTZCTMJ and B0GKMLS22N, is marketed as "Purple Teeth Whitening Strips – 28 Teeth Whitener Strips (14 Uses)" bearing the "Pdoo" mark (the "Accused Product" or "Accused Products"). True and correct copies of screenshots of the Amazon.com listing showing the Accused Products and their ingredient listings are attached as **Exhibit 3**.

19. During the period of infringement, the Accused Products were offered for sale and sold throughout the United States through the Amazon.com online marketplace, including to consumers in this District. The products were priced and sold in U.S. dollars and were readily available for purchase and shipment to consumers throughout the United States, including Illinois residents.

20. The packaging of the Accused Products identified the brand as "Pdoo" and the manufacturer as "Nanchang White Technology Co Ltd," with an address at 101 Building A3 No.88 Dongyang Avenue, Aanyi County Industrial Park, Nanchang, Jiangxi 330500, China, and listed the contact email "PdooTeethWhitening@hotmail.com." The packaging further stated that the products were "Made in China," indicating that during the period of infringement, the Accused

Products were manufactured outside the United States and imported into the United States for sale to consumers.

21.     The ingredient list disclosed on the Accused Products' Amazon.com listing and packaging discloses the composition of Defendants' infringing dental composition. As set forth in detail in **Exhibit 3**, the Accused Products contained the following ingredients, listed in descending order of concentration, that directly infringed the '444 Patent during its term: "PVP, Phthalimidoperoxycaproic Acid, Glycerin, Aqua, Ethylcellulose, Xylitol, Xanthan Gum, Hydroxyapatite, Sodium Citrate, Menthol."

22.     Plaintiff never licensed or authorized either Defendant to use the '444 Patent, and neither Defendant was an authorized retailer of Plaintiff's Products.

23.     During the term of the Patent-in-Suit, Defendants knowingly and willfully manufactured, imported, distributed, offered for sale, and/or sold the Accused Products into the United States, including Illinois. Defendants, without any authorization or license from Plaintiff, knowingly and willfully infringed the '444 Patent in connection with the manufacture of the Accused Products and the importation, distribution, offering for sale, and sale of the Accused Products into the United States and Illinois through the Amazon.com online marketplace.

24.     On information and belief, during the period of infringement, Defendants offered to sell and knowingly sold the Accused Products with knowledge of the '444 Patent or with such disregard of an objectively high likelihood that their actions constituted infringement of a valid patent that the failure to investigate cannot be characterized as innocent.

25.     Defendants' infringement was further willful and egregious in light of the deliberate steps Defendants took to conceal the foreign origin and ownership of their operation and to evade enforcement of the intellectual property rights of others. As alleged above, on information and

7

belief, Zhu and Yujie Jiang are residents of the People's Republic of China who purposefully caused Radiant to be incorporated in the State of Wyoming as a United States company in order to create the false appearance that the "Pdoo" storefront was operated by a domestic seller, and to evade and frustrate intellectual property enforcement actions that target foreign and anonymous online sellers. On information and belief, Defendants undertook this conduct with awareness of, and in willful disregard for, the patent and other intellectual property rights of others. Defendants' deliberate concealment and evasion confirm that their infringement of the '444 Patent was knowing, deliberate, and willful, and render this an exceptional case under 35 U.S.C. § 285.

26. Defendants' unauthorized use and/or manufacturing of the inventions claimed in the '444 Patent in connection with the manufacture, importation, distribution, offering for sale, and sale of the Accused Products during the term of the Patent-in-Suit caused Plaintiff loss of market share, erosion of Plaintiff's patent rights, and other monetary damages for which Plaintiff seeks compensation.

**COUNT I**
**PATENT INFRINGEMENT DAMAGES (35 U.S.C. § 271) – U.S. PATENT NO. 11,826,444**

27. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

28. Plaintiff was the owner of all right, title, and interest in the '444 Patent during its term, including the right to sue for and recover damages for infringement.

29. During the term of the '444 Patent, Defendants, without any authorization or license from Plaintiff, knowingly and willfully made, used, offered for sale, sold, and/or imported into the United States for subsequent resale or use the Accused Products, which infringed directly and/or indirectly one or more claims of the '444 Patent, including at least Claim 1.

30. As shown in the claim chart attached as **Exhibit 2**, the Accused Products, including without limitation the Pdoo "Purple Teeth Whitening Strips" identified by ASIN B0GSTZCTMJ, infringed at least Claim 1 of the '444 Patent during its term. The claim chart of **Exhibit 2** is illustrative only and is made without the benefit of discovery or claim construction, and Plaintiff reserves the right to modify its infringement theory as appropriate as the case proceeds. Although the claim chart focuses on Claim 1, Plaintiff alleges that Defendants infringed additional claims of the '444 Patent during its term.

31. Specifically, during the term of the '444 Patent, each of the Accused Products was a dental whitening device comprising a strip of backing material that is flexible and planar and has two flat sides, and a gelatinous, non-coalescent, visco-elastic dental composition conjoined to at least a portion of one of the flat sides of the strip, the dental composition being comprised of (i) a tooth whitening agent, (ii) a solvent, and (iii) a thickening agent selected from the set of thickening agents consisting of polyethyloxazoline and polyvinylpyrrolidone (PVP); and wherein, when adhered to a user's dental arch, both the dental composition and the backing material flex and conform to the user's dental arch without cracking or breaking.

32. As disclosed on the packaging of the Accused Products, each product contained "Phthalimidoperoxycaproic Acid" (PAP) as the active tooth whitening agent. PAP therefore satisfied the "tooth whitening agent" limitation of Claim 1 of the '444 Patent.

33. As disclosed on the packaging of the Accused Products, each product contained "Aqua" (water) as a solvent, satisfying the "solvent" limitation of Claim 1.

34. As disclosed on the packaging of the Accused Products, each product contained "PVP" (polyvinylpyrrolidone), which is one of the two thickening agents in the set recited in Claim

9

1 of the '444 Patent, namely the set of thickening agents "consisting of [] polyvinylpyrrolidone (PVP)."

35.     On information and belief, and based on inspection of an actual sample, the dental composition in each Accused Product was conjoined to at least a portion of one of the flat sides of the strip of backing material and was gelatinous, non-coalescent, and visco-elastic, as required by Claim 1.

36.     On information and belief, and based on inspection of an actual sample and the Accused Products' application instructions, when an Accused Product is adhered to a user's dental arch, both the dental composition and the backing material flex and conform to the user's dental arch without cracking or breaking, as required by Claim 1.

37.     During the period of infringement, Defendants profited by their infringement of the '444 Patent, and Plaintiff suffered actual harm as a result of Defendants' infringement.

38.     As a direct and proximate result of Defendants' past infringement of the '444 Patent, Plaintiff suffered monetary and other damages for which it seeks compensation. Defendants' infringement of the '444 Patent during its term caused Plaintiff harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale, and importing the patented inventions, as well as lost sales and loss of repeat sales stemming from the infringing acts.

39.     Defendants' infringement during the term of the '444 Patent was willful. On information and belief, Defendants knew or should have known that their actions constituted infringement of a valid patent, and their failure to cease the infringing activities after receiving explicit notice establishes willful infringement. Accordingly, Plaintiff is entitled to treble damages under 35 U.S.C. § 284, and this is an exceptional case under 35 U.S.C. § 285.

40. Plaintiff is entitled to recover damages adequate to compensate for the past infringement, pursuant to 35 U.S.C. § 284, in no event less than a reasonable royalty.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

A. That judgment be entered against Defendants finding that they infringed the '444 Patent during its term;

B. That judgment be entered against Defendants finding that their infringement of the '444 Patent was willful;

C. That Plaintiff be awarded damages for such past infringement in an amount to be proven at trial, in no event less than a reasonable royalty pursuant to 35 U.S.C. § 284, together with interest and costs;

D. That Plaintiff be awarded treble damages under 35 U.S.C. § 284 for Defendants' willful infringement of the '444 Patent;

E. A finding that this case is exceptional under 35 U.S.C. § 285;

F. That Plaintiff be awarded its reasonable attorneys' fees and costs; and

G. Any and all other relief that this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

DATED: June 1, 2026                              Respectfully submitted,

                                                 /s/ Nicholas S. Lee
                                                 Nicholas S. Lee (#6284603)
                                                 nslee@nslegal-ip.com
                                                 332 S. Michigan Ave, Suite 900
                                                 Chicago, IL 60604
                                                 Tel: (224) 360-3293

                                                 *Counsel for Plaintiff, CAO Group Inc.*

11

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on June 1, 2026.

<u>/s/ Nicholas S. Lee</u>
Nicholas S. Lee