**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| CAO Group, Inc.,<br><br>*Plaintiff*,<br><br>v.<br><br>Radiant Harvest, Inc.,<br><br>*Defendant* | No. 26 CV 6409<br><br>Judge Lindsay C. Jenkins |

**ORDER**

Plaintiff CAO Group, Inc. filed this patent infringement lawsuit related to U.S. Patent No. 11,826,444 B2. [Dkt. 6, ¶ 13.] The patent, titled "Peroxide Gel Compositions," was issued in 2023 and expired in February 2026; it is directed "to dental whitening devices utilizing novel peroxide gel compositions." [*Id.*, ¶ 14.]

The only remaining defendant in the case is Radiant Harvest, Inc., a Wyoming corporation that uses the Amazon storefront "Pdoo." [*Id.*, ¶ 8.] The amended complaint alleges that "Radiant itself offered for sale and sold the Accused Products to consumers in the United States, including in this District, through the Amazon.com online marketplace during the term of the Patent-in-Suit," which, in CAO's view, supplies the court with personal jurisdiction over Radiant. [*Id.*, ¶¶ 8–9.]

After the court vacated a default judgment, Radiant filed a motion to dismiss, including for lack of jurisdiction and improper venue. [Dkt. 33.] The court agrees that jurisdiction and venue are lacking and therefore grants the motion, but transfers the case under 28 U.S.C. § 1631 to the District of Wyoming.

*Legal Standard*

A plaintiff is not required to set out facts alleging personal jurisdiction in the complaint. *Steel Warehouse of Wisc., Inc. v. Leach*, 154 F.3d 712, 715 (7th Cir. 1998). If a defendant moves to dismiss on personal jurisdiction grounds, however, the burden shifts to the plaintiff to demonstrate that personal jurisdiction exists. *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003). When the court relies on written materials in its determination, without an evidentiary hearing, the plaintiff is only required to make a prima facie showing of personal jurisdiction. *Id.*

In ruling on the motion, courts may consider facts in affidavits submitted by the parties, but the plaintiff is entitled to have any disputed facts resolved in its favor. *Id.* For a fact to be truly disputed, once a defendant "has submitted affidavits or other

evidence in opposition to the exercise of jurisdiction, the plaintiff must go beyond the pleadings and submit affirmative evidence supporting the exercise of jurisdiction." *Id.* at 783.

A plaintiff may choose to establish either general or specific personal jurisdiction over a defendant, but only specific personal jurisdiction is at issue here. The court looks to Illinois' long-arm statute to determine whether it was proper to exercise personal jurisdiction over Radiant. *NBA Props., Inc. v. HANWJH*, 46 F.4th 614, 620 (7th Cir. 2022); see also 735 ILCS 5/2-209(c). Illinois' long-arm statute permits the exercise of jurisdiction to the full extent allowed by the Fourteenth Amendment's Due Process Clause. *Philos Techs., Inc. v. Philos & D, Inc.*, 645 F.3d 851, 912 (7th Cir. 2011). The Due Process Clause is satisfied where the defendant has "minimum contacts" with the forum state such that requiring it to defend in the forum would not offend "traditional notions of fair play and substantial justice." *be2 LLC v. Ivanov*, 642 F.3d 555, 558 (7th Cir. 2011) (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). Such minimum contacts for specific personal jurisdiction require that "(1) the defendant has purposefully directed his activities at the forum state or purposefully availed himself of the privilege of conducting business in the state; (2) the alleged injury arises out of or relates to the defendant's forum-related activities; and (3) any exercise of personal jurisdiction must comport with traditional notions of fair play and substantial justice." *Rogers v. City of Hobart, Ind.*, 996 F.3d 812, 819 (7th Cir. 2021) (citing *Curry v. Revolution Lab'ys, LLC*, 949 F.3d 385, 398 (7th Cir. 2020)).

## *Analysis*

### *Personal Jurisdiction*

There is no dispute that Radiant is incorporated under the laws of Wyoming. [Dkt. 6, ¶ 8.] Through a declaration,[1] Radiant's president and director explains that Radiant is solely based in Wyoming and that it has no physical presence in Illinois, has never maintained any physical presence of any kind in Illinois, has no Illinois employees or business interests, and that Radiant does not target Illinois customers. [Dkt. 35, ¶¶ 3–5.] He also avers that Radiant has not shipped any accused products to Illinois "beyond passive availability on a national online platform." [*Id.*, ¶ 7.] Invoking *Liu v. Monthly*, Radiant argues that this means personal jurisdiction is lacking. 170 F.4th 1090, 1093 (7th Cir. 2026).

[1] CAO's response brief objects to the court considering this declaration because Radiant filed it on October 31, 2026 (*see* dkt. 35), several weeks after Radiant filed its motion to dismiss and without seeking leave. [Dkt. 36 at 3.] The court agrees that Radiant should have first sought leave to offer the declaration, but it declines to disregard the filing. The declaration was filed before CAO filed its response brief, so CAO was able to address the declaration's assertions in its response.

A defendant's operation of an online store accessible in the forum state, combined with completed sales in the forum state, is sufficient to subject that defendant to personal jurisdiction. *NBA Props.*, 46 F.4th at 623–627. When assessing a defendant's online contacts with a forum, merely "operating a website, even a highly interactive website, that is accessible from, but does not target, the forum state" is not enough to establish personal jurisdiction. *Liu*, 170 F.4th at 1093 (citing *Curry*, 949 F.3d at 400).

To establish personal jurisdiction, CAO points to a completed purchase of the accused product that it made from Radiant on Amazon in April 2026, which was delivered to Vernon Hills, Illinois. [Dkt. 4 at 5.] According to CAO, this was a completed sale of the accused product in the forum state, so the principles articulated in *Liu* have been satisfied. The court cannot agree.

The requirement that the alleged injury arise out of or relate to the defendant's forum-related activities is lacking. As the Seventh Circuit put it in *Curry*, there must be a "connection between the forum and the *specific claims at issue*." *Curry*, 949 F.3d at 400 (emphasis added). And "not just any contacts will do: For a State to exercise jurisdiction consistent with due process, the defendant's *suit-related* conduct must create a substantial connection with the forum State." *Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 801 (7th Cir. 2014) (emphasis added) ("Not only did [plaintiff] fail to link the few sales to [defendant's] litigation-specific activity, but even if it did, it is unlikely that those few sales alone, without some evidence linking them to the allegedly tortious activity, would make jurisdiction proper."); *see also Runze v. Marriott Int'l Inc.*, 2020 WL 7027717, at *2 (N.D. Ill. Nov. 29, 2020) ("'[S]pecific' jurisdiction only allows courts to hear lawsuits in which the defendant's contacts with the forum state specifically give rise to the plaintiff's claims." (citing *Curry*, 949 F.3d at 395)).

Here, the amended complaint acknowledges that the '444 patent expired on February 8, 2026. [Dkt. 6, ¶ 14.] But CAO's Amazon purchase wasn't made until April, several months later. This fact isn't in dispute. CAO itself admits that "the April sale *is not itself an infringing act*, and CAO does not claim damages for it." [Dkt. 36 at 6 (emphasis added).]

Right to it, a completed sale after the patent expired does not "relate to" Radiant's alleged infringement activity. The amended complaint alleges that Radiant offered and sold the accused product in this District through its Amazon storefront "during the term of the Patent-in-Suit." [Dkt. 6 ¶ 8.] Without an indication of infringing activity during the term of the patent, CAO's completed sale evidence shows "only that it was possible to order the defendants' products and have them shipped to Illinois." *Liu*, 170 F.4th at 1093. In other words, "the court's basis for personal jurisdiction is merely that the defendants operated online stores accessible

in the United States, which offered shipping to the United States. As we explained in *Curry*, more is required to establish purposeful action by the defendant and thus personal jurisdiction." *Id.* at 1094. The court does not see a meaningful basis for a different analysis here.[2]

Subjecting Radiant to suit here also would not comport with traditional notions of fair play and substantial justice. *See Int'l Shoe*, 326 U.S. at 316. Given the extremely tenuous link CAO's claims have to Illinois—CAO is a Utah corporation—and the need to avoid unfair surprise to a defendant like Radiant for the jurisdictional consequences of its actions, exercising personal jurisdiction would run afoul of traditional notions of fair play and substantial justice.

So the motion to dismiss is granted because CAO has not made a *prima facie* showing of personal jurisdiction.[3] *Cf. Matlin v. Spin Master Corp.*, 921 F.3d 701, 707 (7th Cir. 2019) (explaining that personal jurisdiction cannot be based on a contact that didn't exist when the plaintiff filed suit, and noting that such "tactics flout the due process limitation on personal jurisdiction")

*Venue*

Radiant also seeks dismissal for lack of venue. Under 28 U.S.C. § 1391(b), venue is proper in: (1) a judicial district in which any defendant resides; (2) a judicial district in which a substantial part of the events giving rise to the claim occurred; or (3) if there is no district in which an action may be brought, any district in which the defendant is subject to the court's personal jurisdiction. For the purposes of venue under section 1391, defendant corporations are considered residents of any state in which they are subject to personal jurisdiction. § 1391(c)(2).

For the same reasons discussed, Radiant is not subject to the personal jurisdiction of this court and no substantial part of the events giving rise to the claim occurred in Illinois; therefore, venue is not proper under section 1391(b)(1) or (b)(2). *See Shenzhen Zhifu Network Technology Co. v. Core Home Fitness, LLC*, 2025 WL

---

[2] CAO notes that when it filed documentation of this completed order in June 2026, the court explained in a minute order that the filing meant the court's jurisdictional concerns were satisfied. [Dkt. 5.] Of course, that conclusion was reached without the benefit of adversarial presentation because Radiant had not been served.

[3] CAO asks for jurisdictional discovery, which "is proper if a plaintiff establishes a colorable or *prima facie* showing of personal jurisdiction." *B.D. ex rel. Myer v. Samsung SDI Co.*, 91 F.4th 856, 864 (7th Cir. 2024). This generally requires plaintiffs to "show that the factual record is at least ambiguous or unclear on the jurisdiction issue." *Gilman Opco LLC v. Lanman Oil Co.*, 2014 WL 1284499, at *6 (N.D. Ill. Mar. 28, 2014). CAO has not met that burden here. Radiant avers that it has no customers or employees in Illinois and conducts no business in Illinois, and when a "lack of personal jurisdiction is clear, jurisdictional discovery would serve no purpose and should not be permitted." *Medline Indus., Inc. v. Diversey, Inc.*, 2020 WL 5763637, at *4 (N.D. Ill. Sept. 28, 2020).

405080, at *3 (N.D. Ill. Feb. 5, 2025). Section (b)(3) is also inapplicable for the additional reason that this action could have been brought in the District of Wyoming where Radiant is incorporated. So venue for this action does not lie in the Northern District of Illinois.

*Dismissal or Transfer*

When dismissing for lack of jurisdiction, courts in the Seventh Circuit have an "independent obligation" under 28 U.S.C. § 1631 to consider whether to transfer the case. *North v. Ubiquity, Inc.*, 72 F.4th 221, 228 (7th Cir. 2023). Thus, "if it is in the interest of justice," this court must transfer the action to "any other such court . . . in which the action . . . could have been brought at the time it was filed." § 1631.

Here, the parties agree that if the court were to transfer the case, transfer to Wyoming would be appropriate. [Dkt. 36 at 11; Dkt. 37 at 6.] Accordingly, it would be in the interest of justice to transfer the case. Radiant is incorporated there and transfer will facilitate CAO's efforts to pursue its claims, so the case will be transferred to the District of Wyoming.

Enter: 26-cv-6409
Date: November 17, 2026

Lindsay C. Jenkins